UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ST. CLAIRE CRICHLOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARNER MUSIC GROUP CORP., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-01622 (HHK) |

**STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR A THIRTY DAY EXTENSION OF TIME TO OPPOSE DEFENDANT'S MOTION TO DISMISS**

Defendant Warner Music Group Corp. ("Warner Music Group"), hereby opposes, pursuant to Federal Rule of Civil Procedure 6 and LCvR 7, Plaintiff's motion for a thirty-day extension to oppose Warner Music Group's motion to dismiss the Complaint, for the reasons set forth herein.

Plaintiff has not shown cause for the requested extension as required by Federal Rule of Civil Procedure 6(b). The sole reason Plaintiff offers is the allegedly "extensive pre-trial work" required of Plaintiff's counsel in the D.C. Superior Court. Pl. Mot. at 1. This vague assertion that counsel is too busy is insufficient.

Moreover, Plaintiff's motion is remarkably and unjustifiably belated. After Defendant filed its motion to dismiss, Plaintiff waited a full week before seeking Defendant's consent to extend the time for Plaintiff's opposition brief, contacting Defendant's counsel for the first time on the afternoon of Thursday, September 27. Defendant responded that same afternoon that it would not consent to a thirty-day extension based on the justification offered by Plaintiff's

counsel, but would consent to an extension until Monday, October 15. Plaintiff neglects to mention Defendant's offer, which was more than reasonable, in his motion. Plaintiff then waited until this week – the same week his opposition is due – to file his motion for an extension.

Plainly, Plaintiff is engaging in improper self-help: by waiting until the last minute to file this motion, Plaintiff is attempting to unilaterally grant himself more time for his opposition brief. *See Lohrenz v. Donnelly*, 187 F.R.D. 1, 11 (D.D.C. 1999) (noting that "plaintiff has not met her obligations under the rules because she has unilaterally granted herself an extension" by "[s]ubmitting a motion for enlargement of time at the last minute"). The justification Plaintiff offers for the motion, along with the substantial extension requested – more than twice the time already provided for Plaintiff's opposition under the Federal Rules – underscores this point. Respectfully, Plaintiff's counsel's allegedly heavy case load in D.C. Superior Court cannot be something that counsel has only just discovered. The Court should not countenance this conduct, and should deny the request.

Indeed, per the rules of this Court, Warner Music Group's motion to dismiss should be deemed unopposed and the case dismissed. If a motion is not opposed within the prescribed time then the Court may deem the motion to be conceded. LCvR 7(b). Plaintiff has failed to file his opposition within the time allotted, and has submitted instead a belated and meritless request for an extension of time. Dismissal of the Complaint is the proper remedy.

Finally, the fact that Plaintiff's counsel's other case responsibilities allegedly prevent him from timely prosecuting this case, which he filed only seven weeks ago, is just one more reason this suit should be dismissed. As explained in Warner Music Group's motion to dismiss the complaint, there is *no* connection between this dispute and Washington, D.C., other than the fact

that it is the location of the offices of Plaintiff's counsel. Yet he does not have time to litigate the matter.

For the foregoing reasons, Warner Music Group respectfully submits that Plaintiff's motion for a thirty-day extension to oppose Defendant's motion to dismiss should be denied, and Defendant's motion to dismiss the Complaint should be granted.

Dated: October 4, 2007                                                                 Respectfully submitted,

By:    /s/

Steven B. Fabrizio (DC Bar 436482)
Iris E. Bennett (DC Bar 491413)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
(202) 639-6000

*Attorneys for Defendant Warner Music Group Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2007, I caused copies of the foregoing Statement of Points and Authorities in Opposition to Plaintiff's Motion for a Thirty Day Extension of Time to Oppose Defendant's Motion to Dismiss and of Defendant's Proposed Order to be served on the following counsel by first-class mail, postage prepaid:

>Prof. Dr. Chernow M. Jalloh, Esq.
>The Jalloh Law Firm
>1150 Connecticut Avenue, NW
>Suite 900
>Washington, DC  20036-4197
>*Attorney for Plaintiff Herbert St. Clair Crichlow*

    /s/
Iris E. Bennett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HERBERT ST. CLAIRE CRICHLOW, | ) ) ) | Civil Action No. 07-01622 (HHK) |
| Plaintiff, | ) ) |  |
| v. | ) ) |  |
| WARNER MUSIC GROUP CORP., | ) ) |  |
| Defendant. | ) ) |  |

**[PROPOSED] ORDER**

This Court having carefully reviewed the submissions of the parties pertaining to the Motion by Plaintiff Herbert St. Claire Crichlow for a Thirty Day Extension of Time to Oppose Defendant's Motion to Dismiss, it is this ____ day of _____ 2007, hereby ORDERED that Plaintiff's Motion for an Extension be denied, and it is furthermore ORDERED that Defendant Warner Music Group Corp.'s Motion to Dismiss the Complaint be granted.

_____
HONORABLE HENRY H. KENNEDY, U.S.D.J.