UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ST. CLAIRE CRICHLOW, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WARNER MUSIC GROUP CORP., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-01622 (HHK) |

**MOTION BY DEFENDANT WARNER MUSIC GROUP CORP. TO DISMISS DUE TO
<u>PLAINTIFF'S FAILURE TO FILE OPPOSITION BRIEF</u>**

Pursuant to Federal Rule of Civil Procedure 6 and LCvR 7, Defendant Warner Music Group Corp. hereby moves to dismiss the Complaint due to Plaintiff's failure to timely file an opposition to Warner Music Group's initial motion to dismiss the Complaint.

Pursuant to Local Rule LCvR 7, attached to this Motion to Dismiss are (i) a Statement of Points and Authorities in Support of Motion by Defendant Warner Music Group Corp. to Dismiss Due to Plaintiff's Failure to File Opposition Brief and (ii) a Proposed Order.

Dated: October 18, 2007

Respectfully submitted,

By: _____/s/_____

Steven B. Fabrizio (DC Bar 436482)
Iris E. Bennett (DC Bar 491413)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
(202) 639-6000

*Attorneys for Defendant Warner Music Group Corp.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ST. CLAIRE CRICHLOW,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>WARNER MUSIC GROUP CORP.,  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No. 07-01622 (HHK) |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO FILE OPPOSITION BRIEF**

Defendant Warner Music Group Corp. ("Warner Music Group") hereby moves to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 6 and LCvR 7, due to Plaintiff's failure to timely file an opposition to Warner Music Group's motion to dismiss the Complaint.

Plaintiff's failure to follow Court rules, and now Orders, has become habit. Just a few days before Plaintiff's opposition to Warner Music Group's motion to dismiss the Complaint was due, counsel for Plaintiff gave himself a self-help extension by filing a last-minute motion seeking an extension based on vague allegations that he was too busy to prepare his opposition brief. That brief had been due under the Federal Rules on October 4, 2007. This Court granted Plaintiff an extension until October 16, 2007.

Plaintiff contravened that Court Order by not filing his opposition brief on October 16, 2007, as the Court had directed.

On the morning of October 17, 2007, counsel for Warner Music Group called Plaintiff's counsel to inquire as to the status of Plaintiff's opposition. Plaintiff's counsel alleged that he had

attempted to file his brief via Kinko's copy service and that the Court should have it. Counsel for Warner Music Group requested that Plaintiff's counsel immediately email Defendant's counsel a copy of the brief that Plaintiff's counsel alleged to have attempted to file. Plaintiff's counsel refused.

Counsel for Warner Music Group subsequently communicated with the clerk's office of the Court. The clerk's office confirmed that it had no evidence of any filing from Plaintiff. The clerk's office further confirmed that it had spoken with Plaintiff's counsel that same morning of October 17 and explained to him the procedures for filing – procedures which, of course, it was the responsibility of Plaintiff's counsel to know and follow in the first place. Defendant's counsel was informed by the clerk's office that the clerk's office had informed Plaintiff's counsel that, if he provided the Court with suitable proof that he had attempted to file on October 16 through Kinko's copy service, then the Court would consider deeming his opposition as having been timely filed on October 16. Plaintiff could not (or chose not to) provide such proof.

Instead, later during the day on October 17, 2007, Plaintiff's counsel called Defendant's counsel. Plaintiff's counsel stated that he was going to file his brief anew on October 17, along with a motion seeking a one-day extension of time to file his opposition, *i.e.*, until October 17. With Plaintiff's counsel failing to present any proof that he had ever attempted to file on October 16, and refusing to provide Defendant with a copy of the alleged filing, counsel for Warner Music Group informed Plaintiff's counsel that Warner Music Group would oppose such a motion.

On October 17, 2007, Plaintiff made no filing related to his opposition brief, as is reflected by the lack of any ECF notice, new entry on the docket, or service upon Defendant. Moreover, due to Plaintiff's refusal to provide a copy of the filing he claimed to have attempted

to file on October 16, 2007, there is no evidence whatsoever that any brief he might file at this stage is in fact the brief that he alleged to have attempted to file on the due date of October 16. Nor indeed has Plaintiff's counsel provided any other proof of the alleged attempted October 16 filing.  In any event, another day has now passed without Plaintiff making his filing.

Under Federal Rule of Civil Procedure 6(b), Plaintiff must show "excusable neglect" for an enlargement of time after the prescribed time to file a pleading has expired.  Fed. R. Civ. P. 6(b); *see also, e.g., Stephenson v. Cox*, 223 F. Supp. 2d 119, 120 (D.D.C. 2002) (deeming motion to dismiss conceded where plaintiff failed to file response); *Ramseur v. Barreto*, 216 F.R.D. 180, 182-83 (D.D.C. 2003) (granting plaintiff's petition for relief where defendant failed to file responsive pleading by date set by Court's order).  Under the rules of this Court, if a motion is not opposed within the prescribed time then the Court may deem the motion to be conceded. LCvR 7(b).  Here, Plaintiff has twice missed successive deadlines for filing the same document.

As previously explained by Warner Music Group in its filings in this case, there is no connection between this dispute and Washington, D.C., other than the fact that the offices of Plaintiff's counsel are located here.  Yet Plaintiff's counsel has demonstrated disregard for the judicial process.  Plaintiff engaged in improper self-help by waiting until the last minute to file his earlier motion for an extension of time.  *See Lohrenz v. Donnelly*, 187 F.R.D. 1, 11 (D.D.C. 1999).  Plaintiff has failed to file on the enlarged date granted by the Court.  Even though there would have been no merit to any request for further extension, Plaintiff has failed even to file with another motion to extend, as he represented he would.  And, Plaintiff has been manifestly uncooperative with Defendant's counsel and has provided no evidence of his alleged attempt to file on the due date.  There is no "excusable neglect" here.

For the foregoing reasons, Warner Music Group respectfully requests that Defendant's motion to dismiss the Complaint should be granted.

Dated: October 18, 2007

Respectfully submitted,

By: ⎯⎯⎯⎯ /s/ ⎯⎯⎯⎯

Steven B. Fabrizio (DC Bar 436482)
Iris E. Bennett (DC Bar 491413)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
(202) 639-6000

*Attorneys for Defendant Warner Music Group Corp.*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2007, I caused copies of the foregoing Defendant's Motion to Dismiss Due to Plaintiff's Failure to File Opposition Brief, Statement of Points and Authorities in Support of Defendant's Motion to Dismiss Due to Plaintiff's Failure to File Opposition Brief, and Defendant's Proposed Order to be served on the following counsel by first-class mail, postage prepaid:

      Prof. Dr. Chernor M. Jalloh, Esq.
      The Jalloh Law Firm
      1150 Connecticut Avenue, NW
      Suite 900
      Washington, DC  20036-4197
      *Attorney for Plaintiff Herbert St. Clair Crichlow*

                                              /s/
                                        Iris E. Bennett

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ST. CLAIRE CRICHLOW, ) | |
| ) | Civil Action No. 07-01622 (HHK) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| WARNER MUSIC GROUP CORP., ) | |
| ) | |
| Defendant. ) | |

**[PROPOSED] ORDER**

This Court having carefully reviewed Defendant's Motion to Dismiss Due to Plaintiff's Failure to File Opposition Brief and the other submissions in this case, it is this _____ day of _____ 2007, hereby ORDERED that the Motion is granted and the Complaint is dismissed.

_____
HONORABLE HENRY H. KENNEDY, U.S.D.J.