**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

_____

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
**v.**                                    **Civil Action No. 07-01622 (HHK)**
**WARNER MUSIC GROUP, CORP.**
**Defendant.**

_____

**PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE HIS OPPOSITION
TO WARNER MUSIC GROUP CORP.'S MOTION TO DISMISS OUT OF TIME
BY TWO DAYS**

COMES NOW plaintiff, Herbert St. Claire Crichlow, by and through his attorney,

and respectfully moves this Honorable Court, for the reasons stated in plaintiff's

Statement of Points and Authorities, to grant his Motion.  The undersigned sought

defendant's consent to this Motion, but consent was withheld.  Plaintiff submits his

Opposition along with this Motion.  Defendant filed a Motion to Dismiss for Failure of

Plaintiff an Opposition to Defendant Warner's Motion to Dismiss on October 18, 2007.

That  Motion, should this Court, under its ample, but reasoned discretion, grant plaintiff's

Motion for Leave to file His Opposition  Out of Time by Two Days, would, accordingly,

become moot.

Respectfully submitted,
_____/s/_____

Prof. Dr. Chernor M. Jalloh, Esq.
DC Bar Number: 450379
1150 Connecticut Avenue, NW Suite 900
Washington, DC 20036-4197
(202) 862-4337 (Telephone number)

Plaintiff's Attorney

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION**

In support of plaintiff's Motion, plaintiff, by and through the undersigned counsel, submits the following justificatory grounds in support of his Motion.

1. This Honorable Court issued an order requiring plaintiff to file its Opposition to defendant Warner's Motion to Dismiss by October 16, 2007.

2. The undersigned submitted Plaintiff's Opposition for the appropriate processing and filing to FedEx Kinko's at 9:19 p.m. on October 16, 2002 , since plaintiff, lacks pdf facilities and, being unfamiliar with the same, experienced  significant difficulties in sending the Opposition to the Court and opposing counsel by the required time.

3. At the time indicated in the previous paragraph, a FedEx Kinko's technician, Latetia B, assured the undersigned that the Opposition had been successfully filed.  See, Plaintiff's Exhibit A.

4. However, as the undersigned later learned from opposing counsel on October 17, 2007, the filing did not go through.

5. On the same day, FedEx Kinko's manager confirmed that Latetia B did not properly file the Opposition.

6. On October 17, 2007, the undersigned was informed by computer experts at Georgetown Law Center, where the undersigned has a booth, that the floppy disc holding plaintiff's Opposition could not be opened, because of the operations at Kinko's on October 16, 2007.   The undersigned had to painfully rewrite

Plaintiff's Opposition and write this Motion on October 18, 2007, because of the technical difficulties elucidated above.

7.  While the undersigned admits that it is his responsibility to become technically proficient in the matters relevant here, the problems connected with the filing of this Opposition were clearly beyond his control.

8.  Moreover, and substantively, this Court should grant plaintiff's Motion because, while the Opposition is two days late, defendants have not been prejudiced, and this Court is known for determination of actions on the merits.  Additionally, there is significant evidence that the undersigned applied his best efforts to comply with the Court's order.  See, especially Plaintiff's Exhibit A.

**WHEREFORE,** plaintiff respectfully moves this Honorable Court under the grounds adduced to grant plaintiff's Motion.

Respectfully submitted,

_____/s/_____

Prof. Dr. Chernor M. Jalloh, Esq.
DC Bar Number: 450379
1150 Connecticut Avenue, NW Suite 900
Washington, DC 20036-4197
(202) 862-4337 (Telephone number)

Plaintiff's Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT on this 18th day of October, 2007, I e-filed the

Plaintiff's Motion, a Statement of Points and Authorities and a proposed Order to:


Steven B. Fabrizio, Esq.
JENNER & BLOCK, LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC  20005


_____s_____
Prof. Dr. Chernor M. Jalloh, Esq.

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

_____

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
**v.**                                      **Civil Action No. 07-01622 (HHK)**
**WARNER MUSIC GROUP, CORP.**
**Defendant.**
_____

**O R D E R**

UPON REASONED CONSIDERATION of plaintiff's Motion, the Statement of

Points and Authorities in Support of the same, and any Opposition thereto, it is this

_____ day of _____, 2007 hereby ordered that plaintiff's Motion is **granted;**

**And it is further ordered** that defendant's Motion to Dismiss for Plaintiff's Failure to

File an Opposition to Defendant's Motion to Dismiss is **denied** as moot.

_____
Judge

Copies to:

Prof. Dr. Chernor M. Jalloh, Esq.
THE JALLOH LAW FIRM
1150 Connecticut Avenue, NW
Suite 900
Washington, DC  20036-4197

and

Steven B. Fabrizio, Esq.
JENNER & BLOCK, LLP
601 Thirteenth Street, NW

Suite 1200 South
Washington, DC  20005

__ /s/  _
Prof. Dr. Chernor M. Jalloh, Esq. DC Bar Number: 450379
1150 Connecticut Avenue, NW Suite 900

Washington, DC 20036-4197
(202) 862-4337 (Telephone number)

I HEREB Y CERTIFY that on this 1 ih day of October, 2007, I filed the above
Steven B. Fabrizio, Esq. JENNER & BLOCK, LLP 601 Thirteenth Street, NW Suite
1200 South Washington, DC 20005
        ____ s/    _
Prof. Dr. Chern or M. Jalloh, Esq.

UNITED STATES DISTRICT COURT DISTRICT OF COLUMBIA
HERBERT ST. CLAIRE CRICHLOW Plaintiff,
WARNER MUSIC GROUP, CORP.
Defendant.
Prof. Dr. Chemor M. Jalloh, Esq. THE JALLOH LAW FIRM 1150 Connecticut Avenue,
NW Suite 900
Washington, DC 20036-4197
Steven B. Fabrizio, Esq. JENNER & BLOCK, LLP 601 Thirteenth Street, NW Suite
1200 South Washington, DC 20005

Plaintiff's Exhibit A

**FedEx** Kinko's.

FedEx Kinko's
325 7th St
Washington, DC 20004-2801
(202) 347-8730

10/16/2007                    9:19:22 PM EST
Trans.: 5872                    Branch: 0671
Register: 013                 Till:04153915
Team Member: Latetia B.

SALE



\* 0 6 7 1 0 1 3 5 8 7 2 \*

Aux Special Handling            3.00 T
    0380          1.00 @ 3.0000

Sub-Total                       3.00
Deposit                         0.00
  Tax                           0.17
Total                           3.17
    Cash                        3.25
Total Tender                    3.25
Change Due                     (0.08)

Thank you for visiting

FedEx Kinko's
Make It. Print It. Pack It. Ship It.
www.fedexkinkos.com

Customer Copy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HERBERT ST. CLAIRE CRICHLOW
        Plaintiff,

                                            Civil Action No.  07-01622 (HHK)

v.


WARNER MUSIC GROUP CORP.
        Defendant.


### PLAINTIFF CRICHLOW'S OPPOSITION TO DEFENDANT WARNER MUSIC GROUP CORP.'S MOTION TO DISMISS

COMES NOW plaintiff, Herbert St. Claire Crichlow ("Chriclow"), by and

through the undersigned, and respectfully moves this Honorable to deny defendant

Warner Group Corp.'s ("defendant Warner") Motion to Dismiss under the grounds

adduced and explicated in the Statement of Points and Authorities in Support of

Crichlow's Opposition.


                            Respectfully submitted,


                            _____/s/_____
                            Prof. Dr. Chernor M. Jalloh, Esq.
                            DC Bar No. 450379
                            THE JALLOH LAW FIRM
                            1150 Connecticut Avenue, NW
                            Suite 900
                            Washington, DC  20036-4197
                            (202) 862-4337 (Telephone number)

                            Plaintiff's Attorney

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES................................................ .... 2

TORTIOUS GROUNDS OF THIS ACTION................................... ..... 4

ARGUMENT.................................................................... ............... 6

    1.  This Honorable Court has Personal Jurisdiction Over Defendant
       Warner...................................................................... 6

    11.  This Action, which Sounds in the Torts of Conversion and Fraudulent
       Misrepresentation, has no Connection with the Forum Selection Clause
       Contained in the Artemis Agreement....................................... 8

    111.  The Doctrine of Forum non Convenience is Clearly Inapplicable to this
       Action................................................................... ........... 9

    CONCLUSION................................................................... 10

## TABLE OF AUTHORITIES

### STATUTES

D.C. Code Section 13-334(a)                    5, 6, 7, 9

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

HERBERT ST. CLAIRE CRICHLOW
     Plaintiff,

v.                                   Civil Action No. 07-01622 (HHK)

WARNER MUSIC GROUP, CORP.
     Defendant.


**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF CRICHLOW'S OPPOSITION TO DEFENDANT WARNER'S MOTION TO DISMISS**


Respectfully submitted,

_____/s/_____
Prof. Dr. Chernor M. Jalloh, Esq.
DC Bar Number:  450379
1150 Connecticut Avenue, NW
Suite 900
Washington, DC  20036-4197
(202) 862-4337 (Telephone number)

## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF CRICHLOW'S OPPOSITION TO DEFENDANT WARNER'S MOTION TO DISMISS

In support of Crichlow's Opposition to defendant Warner's Motion to Dismiss ("DMTD"), he submits, by and through his attorney the following grounds and their explication.

## THE TORTIOUS BACKGROUND OF THIS RES

Contrary to defendant Warner's contention, the granite foundation of this action is defendant's tortuous conduct.   On its face, Crichlow's Complaint does not aver nor imply an action sounding in contract or any of the tortuous derivatives of an action in contract.

Defendant Warner, in a flawed attempt to evade Crichlow's claims of tort, seeks to bury the plain torts of conversion and fraudulent misrepresentation in a lambrythine web of contracts, which the Court may recognize as the horizon of the averred tortuous conduct, but cannot reasonably construe as founding the alleged torts.  Defendant Warner's admission that it owns all the contracting companies implicated in this action, particularly Warner/Chappell Music, Inc. ("WCM") (DMTD, at 4, fn. 4), reasonably nullifies the Artemis forum selection clause since, first, as defendant Warner admits, WCM approved the terms of the Artemis Agreement, DMTD, at 5, fn.5; second, and significantly, the averred tort of conversion was admitted by Mr. Nick Thomas, CFO of WCM, headquartered in Los Angles, USA  and owned by defendant Warner, Richerson's Decl. paragraphs 2 and 3; third, the averred tort of fraudulent misrepresentation was discovered because of the alleged admission conversion in Los Angeles. Crichlow Decl. paragraphs 9 and 10.

Hence, the averred tortuous conduct of defendant Warner, mediated by WCM, is not, and cannot reasonably have been contemplated by the forum selection clause of the Artemis Agreement and, accordingly, defendant Warner's forum non conveniens argument falls flat on its face.  Defendant Warner's intended killer argument is that it is not doing business in the District of Columbia under D.C. Code  Section 13-334(a). However, that argument is perspicuously flawed.

## ARGUMENT

**1.  This Honorable Court has General Personal Jurisdiction over Defendant Warner.**

The tortuous conduct of conversion occurred in Los Angeles.  Richerson's Decl. paragraph 3.  Crichlow discovered that ~~the~~ representation by Mr. Hans Desmond made to him in 2002 were fraudulent because of the admission of conversion by Mr. Nick Thomas of WCM.  Crichlow's Decl. paragraphs 9 and 10.

D.C Code Section 13-334(a) authorizes this Court to exercise general personal jurisdiction over defendant Warner if Crichlow can show that defendant Warner does business in the District of Columbia.

Although defendant Warner goes to great, but eventually fruitless, efforts to attempt to confuse this Honorable Court by arguing that its "sole operation" in the District of Columbia is "…to liaise with government officials…." (DMTD, at 9), this Court must take cognizance that defendant Warner has offered only the part of the story that it hopes will cut it loose from the grip of this Honorable Court.  Moreover, the Court is well aware that the averment of the nature of defendant Warner's business in the District of Columbia is subject to discovery, given that the information withheld from this Court by Warner makes that averment suspicious, at best.

Defendant intentionally fails to inform this Court that it sells musical products through its convoluted web of subsidiaries in the District of Columbia, comprising labels such as Asylum Record and East West Records.  The products of these labels and many others are regularly sold in the District of Columbia.  Accordingly, D.C Code Section 13-334(a) directly applies to defendant Warner.  Defendant Warner's scheme of hiding behind corporate shields to further its business objectives in the District of Columbia and

elsewhere, as defendant's Motion poignantly evidences, cannot deceive this Honorable Court. Moreover, the voluminous products of defendant Warner, including the songs of the Backstreet Boys, are offered by defendant for "downloading in the District of Columbia. Moreover, defendant's products are sold in non-virtual stores in the District of Columbia.

Accordingly, defendant Warner's good faith is evidently problematized; it knows that its musical products are sold in the District of Columbia; yet, it seeks to hide behind the so-called "governmental contacts" exception to evade the juridical authority of the citizens of the District of Columbia. Given the fairly uncontroversial contention that defendant Warner's products are sold in the District of Columbia, this Court has general personal jurisdiction over the defendant.

Correlatively, the Court should not be surprised that none of the cases that defendant Warner relies on to escape the iron grip of D.C. Code Section 13-334(a) are clearly inapplicable. This is not a case of an oil company lobbying governmental agencies to further its business interests outside the District of Columbia. On the contrary, defendant not only allegedly lobbies, it sells its products in the District of Columbia, albeit under a cloud of illegality. See Plaintiff's Exhibit 1.

**11.  This Action, which sounds in the Torts of Conversion and Fraudulent Misrepresentation has no Connection with the forum Selection Clause contained in the Artemis Agreement.**

Defendant Warner, having fatally misconstrued Crichlow's complaint, namely that the Complaint does not allege contractual breach by defendant Warner, proceeds to propound the misleading argument that the Artemis Agreement mandates a hearing of this **res** in London, England.  The argument is flawed.

First, the tortuous conduct averred is clearly not contractual under any reasonable construal; it arises **sui generis**. Second, the mentioned conduct occurred in Los Angeles, USA.  Lee's Decl. paragraphs 2 and 3; Crichlow's Decl. paragraphs 9 and 10.  Only  a strained and flawed reading of the Artemis Agreement would conclude, as defendant, unfortunately, but understandably does, that the alleged torts of conversion and fraudulent misrepresentation fall within the scope of the jurisdictional and venue requirements of the Artemis Agreement.  Defendant Warner's argument is flawed **ab initio** because the causes of action alleged in Crichlow's Complaint do not even fall within the shadow of an action sounding in contract, eviscerating, thereby, defendant Warner's forum selection argument.

The averred occurrence of the torts in Los Angeles, USA makes defendant Warner's unqualified assertion that "…there is no meaningful connection between this dispute and the United States, let alone the District of Columbia…." (DMTD, at 6) is, given the premises asserted

above, a **locus classicus** of legal obscurantism.  The tortuous conduct averred squarely situates this action in the USA; and the averred fact that defendant Warner is doing business in the District of Columbia, albeit arguably illegally, nullifies **toto caelo** its choice of forum argument.  The activities of defendant Warner, posited above, make it abundantly clear that it is covered by the general personal jurisdictional scope of D.C. Code Section 13-334(a).

### 111.  The Doctrine of Forum Non Conveniens is Clearly Inapplicable in this Action.

The argument~~s~~ advanced by plaintiff in I and II above make defendant Warner's reliance on the doctrine of forum non convenience either a farce or an underestimation of the doctrinal sophistication of this seasoned Court.  Mr. Nick Thomas, the CFO of WCM, who allegedly admitted that defendant Warner converted Crichlow's royalty monies, is in Los Angeles, USA.  Lee's Decl. paragraph 3.  Mr. Hans Desmond, who is no longer employed by defendant Warner, may or may not be in Sweden, and the Court is evidently aware that Crichlow carries the burden of ensuring the presence of Mr. Desmond in this Court. The burden does not hang on defendant Warner's neck.

A founded understanding of the Complaint, an understanding that is not infected by the self-serving mischaracterization of plaintiff's action as a breach of contract action, cannot but establish the proposition that there is no alternative forum where this tortuous action can be properly adjudicated, for the only

competent forum, under the arguments advanced, is in the District of Columbia. Under those same arguments, defendant Warner can hardly claim that an adjudication of this action in this Court would be inconvenient. A fair, unbiased and balanced reading of Crichlow's Complaint manifests a glaring fact, which defendant Warner's contract argument ineptly obfuscates, namely that substantially all the witnesses and the evidence relevant to this action, properly construed as a tort action, are in the United States of America. Therefore, contrary to defendant Warner's contention, the High Court in London, England would be, given the totality of plaintiff Crichlow's submissions, a forum most inconvenient indeed.

Moreover, since defendant Warner, under I, is doing business in the District of Columbia, even if under the apparent shadow of illegality, D. C. Code Section 13-334(a) unambiguously authorizes this Honorable Court to adjudicate this action **a corps perdue**.

## CONCLUSION

Under the grounds adduced and explicated above, plaintiff Crichlow respectfully moves this Honorable Court to deny defendant Warner's Motion to Dismiss.

Dated:  October 18, 2007

Respectfully submitted,

_____/s/_____
Prof. Dr. Chernor M. Jalloh, Esq.
DC Bar Number:  450379
1150 Connecticut Avenue, NW

Suite 900
Washington, DC  20036-4197


Plaintiff's Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of October, 2007, I filed the above

Motion, a Statement of Points and Authorities in Support of the same, Declarations in

Support of the same and a proposed Order to:

Steven B. Fabrizio, Esq.
JENNER & BLOCK, LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC  20005


_____s/_____
Prof. Dr. Chernor M. Jalloh, Esq.

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

---

**HERBERT ST. CLAIRE CRICHLOW**
    **Plaintiff,**

   **ix.**                                **Civil Action No. 07-01622 (HHK)**

**WARNER MUSIC GROUP, CORP.**
    **Defendant.**

---

### O R D E R

    UPON REASONED CONSIDERATION of Defendant's Motion to Dismiss, a

Statement of Points and Authorities in Support of the same, Plaintiff's Opposition, a

Statement of Points and Authorities in Support of the same, Declarations in Support of

the same, and any Reply to the Opposition, it is this _____day of _____, 2007 that

plaintiff's Motion is hereby **denied.**.


                                                     _____
                                                      Judge

Copies to:

    Prof. Dr. Chernor M. Jalloh, Esq.
    THE JALLOH LAW FIRM
    1150 Connecticut Avenue, NW
    Suite 900
    Washington, DC  20036-4197

**and**

    Steven B. Fabrizio, Esq.
    JENNER & BLOCK, LLP
    601 Thirteenth Street, NW
    Suite 1200 South
    Washington, DC  20005

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
Civil Action No. 07-01622 (HHK)

v.

**WARNER MUSIC GROUP CORP.,**
**Defendant.**

## DECLARATION OF
## LEE C. RICHERSON Jr.

I, Lee C. Richerson Jr., hereby declare as follows:

1. I am the manager of Herbie St. Claire Crichlow. I submit this declaration in support of Herbert St. Claire's Opposition to Warner Music Group Corp.'s Motion to Dismiss. I have personal knowledge of the matters discussed in this declaration and, if called upon, I could and would testify to each of the statements made herein.

2. From 15th day of December, 2005 to 27th day of October, 2006. I had numerous telephonic and e-mail exchanges with Mr. Nick Thomas, CFO of WCM, U.S.A. which has its headquarters in Los Angeles, and is owned by WMG.

3. During those telephonic and e-mail exchanges he admitted to me that WMG "has" Herbert Crichlow's royalty monies and that if Mr. Crichlow wants his money, he should Take legal action against WCM. Located in L.A owned by WMG. Mr. Nick Thomas was the CFO during our telephonic and e-mails which began in late 2005 and ended when Mr. Thomas refused to pay out any royalties to Mr. Crichlow In our last telephone conversation in late October 2006 This was the final conversation Mr. Thomas ( CFO ) for WCM. Not one person in the WMG family has been able to tell my client Mr. Crichlow where all of his royalty monies have gone or how many songs have been sold over his songwriting career.

**See, Exhibit 1.**

3. Although Mr. Crichlow is signed to Artemis, Artemis is ultimately owned by WMG, through its ownership of WCM.

4. WCM approved the terms of the Artemis Agreement in Los Angeles, not in the London, England.

5. WMG owns all the companies that facilitated the conversion of Mr. Crichlow's royalties plus WMG approves all publishing advances to writers abroad and in the US when the advance is over six figures.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Washington State, the United States of America
on this 15th day of October, 2007.

Lee C. Richerson Jr.

**EXHIBIT 1**

**To Lee C. Richerson, Jr.'s  Declaration**

Dear Nick,

Mr. Crichlow and I have consulted with our lawyer regarding all the issues that we have discussed over the last two weeks. We are now ready to put forth a proposal that can end all of the disagreements between my client and your Company.

1. Warner Chappell will be allowed to administrate my clients Mega copyrights as long as it can be direct accounting to My clients new publishing Co.and all monies within will be forwarded in a timely manor from now on according to the Mega publishing agreement.

2. Warner Chappell will release my client from his Artemis contract with all the copyrights reverted back to Mr. Crichlow plus no debt to Artemis as far as the advance is concerned ,it will be forgiven.as you promised.

3. As per our last conversation you had explained to me that you had located some of the monies that is owed to my client,We request that you release those monies in full plus the Zomba Audit as well in full to my client.after signing off on final contract of conclusion.plus my client will reserve the right to audit Mega as per contractual agreement.

If you and your company Warner Chappell agrees to all these request My client will be more than happy to move on and seek out a new publishing Admin deal elsewhere.As you can see no dollar amount has been requested in this deal. My client and Myself hope that you will be fair and accurate in the total amount that will be paid out to my client,knowing that you have had enough time to look over the numbers that I have provided to you on my clients behalf.

My client has informed his lawyer that this is the best solution for him so he can go back to work and continue to make the hits that we all know and love so much.feel free to call me if you have any questions regarding this new proposal.

Musically Yours, Mr. Lee C. Richerson Jr.

Management For Mr. Herbert Crichlow

Tel: + 1 425 374 2892

PS. If this seems like something that you and your company would like to pursue,I will put you in contact with our lawyer and your legal consel can iron out the details.Thank you for all your help regarding this matter.

---

Discover the new Windows Vista Learn more!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:56:32 PM
**Subject:** FW: Herbie Crichlow Case Audit over due

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due
Date: Tue, 15 Nov 2005 22:33:05 -0500

Lee
The situation is more complex than you suggest and based on our call of the other night I think you know this
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Tuesday, November 15, 2005 6:17 PM
To: Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due

Dear Mr. Thomas,

Thanks for your reply, but that gun went off in 96 and no audit money has been paid to my client from Mega song publishing since then,so if waiting for and audit to be paid out since 1999 is jumping the gun, Guilty as charged !

Musically Yours, Mr. Lee C. Richerson 2

---

Get news, entertainment and everything you care about at Live.com. Check it out!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:55:45 PM
**Subject:** FW: Herbie Crichlow Case Audit over due


Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: Herbie Crichlow Case Audit over due
Date: Wed, 16 Nov 2005 10:20:48 -0500

Lee
See inserts
I thought you and I were trying to resolve matters quietly and without some of the heat that has
been associated with prior conversations
Clearly I was wrong
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Wednesday, November 16, 2005 4:49 AM
To: Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due

        Dear Mr Thomas,

            Yes it is complex and I fully understand
that, But Im more interested in getting all the audit monies that Mega has
held from my client ASAP without delay seeing that is way over due .And as
so much time has already gone by that I feel that Mr. Crichlows publishers
do not see it as a priority.
When you are a writer and you have sold over 140 million copies over nine
years ago and you just want to get paid the money that you are owed
,complexities is not material to your bill collectors and Family.
To me this is real simple,Mr. Crichlow wants his Zomba audit money now and
we will audit for the rest of it! I hope that you can understand the
position that I must take, to make this happen as soon as possible without
further delay. can you tell me how it is going with the longest audit
settlement in music history. to be complete ?

Musically Yours, Mr Lee C. Richerson 2


        --Forwarded Message Attachment--
        From: herbiecrichlow1@mac.com
        To: Nick.Thomas@warnerchappell.com
        CC: richerson88@hotmail.com
        Subject: H.Crichlow
        Date: Wed, 16 Nov 2005 08:28:38 -0500

Dear Nick
  Ok So I have received an email from My manager and he has explained
to me that you have deemed my situation a complex matter. That is why
I have been going through it with my lawyers for over 2 years after
being led down the garden path for over 10 years . For us it is now
simple, because we have taken the measure of things, We understand
the true weight of  the situation. And now I believe It is time to
release the truth like water down a ravine .Victory is then a matter
of arranging the balance to create preponderance.
It may be complex to you but it has become very very clear to me.

H.Crichlow


--Forwarded Message Attachment--
From: herbiecrichlow1@mac.com
To: Nick.Thomas@warnerchappell.com
Subject: H:crichlow
Date: Tue, 15 Nov 2005 23:34:14 -0500

Dear Nick

  Although my Manager has informed me of your telephone meeting with
him last week. I have little or no faith that anything can be
resolved with warner chappell unless it is done via a full blown
audit and litigation in the manner of a public law suit. Although I
would like to believe that my situation is finally being recognized
and addressed in the correct respect that a writer of my caliber
deserves, After the appalling treatment  I have already been
subjected to I sincerely doubt it .
  So With this in mind It is my hope, albeit a feeble one,that what
is about to transpire can  be avoided by what ever is being discussed
between you  and Lee. Sadly I have the feeling that it is just
another tactic that will lead to the unfortunate outcome to which I
am fully prepared to take on  with pride .
  Surprise me Nick.


H.Crichlow

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:54:43 PM
**Subject:** FW: Pay Herbie Crichlow Now

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; stevent@russells.co.uk; Nick.Thomas@warnerchappell.com
Subject: RE: Pay Herbie Crichlow Now
Date: Fri, 25 Nov 2005 06:14:13 -0800

Lee
And Happy Thanksgiving to you!
FYI I am in London and will call you next week
Regards
Nick
-----Original Message-----
From: lee richerson
To: stevent@russells.co.uk; nick.thomas@warnerchappell.com
Sent: 11/25/2005 5:28 AM
Subject: Pay Herbie Crichlow Now

　　　　Attention: One and All


　　　　PAY HERBERT ST.CLAIR CRICHLOW ALL HIS MONEY
NOW!!!!!!!!!! TIME IS UP.



THE MANAGEMENT

---

Get news, entertainment and everything you care about at Live.com. Check it out!

---

From: *"Thomas, Nick" <Nick.Thomas@warnerchappell.com>*
To: *'lee richerson' <richerson88@hotmail.com>*
Subject: *RE: Lee trying to reach you*
Date: *Mon, 16 Oct 2006 18:00:24 -0400*

Lee

What deadline?

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Monday, October 16, 2006 2:00 PM
**To:** nick.thomas@warnerchappell.com
**Subject:** Lee trying to reach you

    Hello Nick,
           I have tried to call you several times today regarding My clients fair proposal! where are you ? call me, as you know the deadline is tomorrow.

Musically Yours, Lee

---

Discover the new Windows Vista <u>Learn more!</u>

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:49:55 PM
**Subject:** FW: nick call me


Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: nick call me
Date: Mon, 16 Oct 2006 19:20:38 -0400

Lee

You have sent me a detailed schedule which I am researching

I am not going to respond until this is done and by the way and not going to respond to either threats or false deadlines

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Monday, October 16, 2006 4:11 PM
**To:** Nick.Thomas@warnerchappell.com
**Subject:** RE: nick call me


Dear Nick,
        If we cant get an agreement before the end of the day tomorrow at least a proposal that I can show to my client ,All bets are off,my client will not wait any longer to get this closed or at least on the table, what is your idea for a timeline to get this deal finished ?

Musically Yours, Lee

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warne r Chappell Musi
Date: Sat, 26 Nov 2005 15:49:40 -0500

Lee
This is just lawyers being lawyers.....
We need to work through this together to get it resolved
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Friday, November 25, 2005 9:47 AM
To: nick.thomas@warnerchappell.com
Subject: FW: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner Chappell Musi


Dear Nick,
This is what I was telling you about Steven Treagor ,The main reason for my
cients anger,I sincerly hope that you can take care of this unprofessional
behavour. See attachment


>From: Mike Brookes <mikebrookes@Leeandthompson.com>
>To: "Herbie Crichlow (E-mail)" <Herbiecrichlow1@mac.com>
>CC: "Lee Richerson (E-mail)" <Richerson88@hotmail.com>, Andrew Thompson
><andrewthompson@Leeandthompson.com>
>Subject: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner
>Chappell Music Limited
>Date: Fri, 25 Nov 2005 17:06:01 -0000
>
>MAB/kg/1656-2
>
>
>25 November 2005
>
>
>
>
>Dear Herbie
>
>Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner Chappell
>Music Limited
>I attach a letter that I have sent to Steven Tregear, the contents of which

>are self-explanatory.
>It occurs to me that you or Lee may want to send this to Nick Thomas and
>explain that the assurances that he gave to you have apparently not
>filtered
>through because this is the sort of correspondence that your lawyers are
>having to send to Russells in light of their/Warner Chappells' failure to
>address matters properly or at all.
>Yours sincerely
>
>
>Mike Brookes
>
>direct tel:    +44 (0)20 7563 4970
>e-mail:        mikebrookes@leeandthompson.com
>
>att.
>
> <<063 LTR Steven Tregear 25.11.05.doc>>
>
>
>
>The information contained in this e-mail and any attachment to it is
>confidential, may be the subject of legal professional or other privilege
>and is intended solely for the use of the named addressee.  Access to this
>e-mail and any attachment by any other person is not authorised.  If you
>are not the named addressee, you must not disclose, copy, print,
>distribute, take any action or rely on it and should notify the sender by
>reply.  You should also destroy the e-mail and its attachments immediately
>without disclosing its contents to any third party or retaining any copies.
>
>The contents of any attachment to the e-mail may contain software viruses
>which could damage your own computer system.  Lee & Thompson cannot accept
>any liability for any damage which you sustain as a result of software
>viruses.  You should carry out your own virus checks before opening any
>attachment.
>
>E-mail service of proceedings
>
>Lee & Thompson does not accept service of proceedings by e-mail.
>
>
>
>This e-mail has been sent directly from Lee & Thompson's computer system
>and therefore has not been signed by the author.
>_____
>This e-mail has been scanned for all viruses by Star Internet. The
>service is powered by MessageLabs. For more information on a proactive
>anti-virus service working around the clock, around the globe, visit:
>http://www.star.net.uk
>_____

Dear Nick Thomas ( C.F.O )

      I'm sending you this e-mail in regards to our conversation on the 18th of October, 2006, which turned into the most belligerent and unprofessional treatment on your part, in which I was both alarmed, shocked, insulted and surprised, In view of this distasteful treatment. On my clients behalf could you please give me the name and address and contact information of your legal counsel so we can contact them regarding the future proceedings.

Regards, Mr. Lee C. Richerson Jr.
Management For Mr. H. Crichlow
Tel: +1 425 374 2892

---

Get news, entertainment and everything you care about at Live.com. Check it out!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:47:52 PM
**Subject:** FW: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; Nick.Thomas@warnerchappell.com;
Jane.Dyball@warnerchappell.com
CC: herbiecrichlow1@mac.com
Subject: RE: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S
Date: Tue, 24 Oct 2006 19:03:52 -0400

Actually Lee I was being polite

I am in Europe right now and picked up your e on my handheld at the airport

I wasn't quite sure which kind of counsel you wanted

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Tuesday, October 24, 2006 9:06 AM
**To:** Nick.Thomas@warnerchappell.com; jane.dyball@warnerchappell.com
**Cc:** herbiecrichlow1@mac.com
**Subject:** Re: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S

Dear Nick,
You Think ? We need to know for sure so we can move on it now!


Regards Lee

From: *"Thomas, Nick" <Nick.Thomas@warnerchappell.com>*
To: *"'richerson88@hotmail.com'" <richerson88@hotmail.com>,"Dyball, Jane" <Jane.Dyball@warnerchappell.com>*
CC: *"'ferrarikid@mac.com'" <ferrarikid@mac.com>*
Subject: *Re: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S*
Date: *Tue, 24 Oct 2006 11:26:49 -0400*

Lee
I think that would be Jane
Regards
Nick
Sent via ThumbMail

# UNITED STATES DISTRICT COURT FOR

# THE DISTRICT OF COLUMBIA

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
Civil Action No. 07-01622 (HHK)

v.

**WARNER MUSIC GROUP CORP.**
**Defendant.**

## DECLARATION OF
## HERBERT ST. CLAIRE CRICHLOW

I, Herbert St Claire Crichlow, hereby declare as follows:

1. I am a songwriter signed to Artemis, which is ultimately owned by defendant Warner Music Group, Corp ("defendant Warner"). I submit this declaration in support of my Opposition to defendant Warner's Motion to Dismiss in the above captioned action. I have personal knowledge of the matters discussed in this declaration and, if called upon, I could and would testify to each of the statements made herein.

2. Among many other hits from a multitude of artists, I co-wrote most of the classic hits of the Backstreet Boys. In fact My songs played a very important part in launching the BSB record breaking 79 million copies and still counting.

3. In 1993, I signed a co-publishing contract with Megasong Publishing A/S ("Megasong"). All the hits mentioned in paragraph 2 were published by Megasong, which signed a sub-publishing contract with Jive/ Zomba Publishing, U.S.A.

and that continued until 2002 when Warner/Chappell Music, Inc., headquartered in Los Angeles, USA ("WCM"), acquired 100% of the shares and assets of Megasongs Publishing and all its music catalog. As a result of the acquisition, I was signed to Artemis by WCM.

4. Defendant Warner Music Group Corp. ultimately owns all the companies, excepting Jive Zomba Publishing,this entity was third party publisher to Mega Songs Pub. Collecting royalties for myself and Mega Songs Pub. mentioned in paragraph 3.

5. Mr. Hans Desmond, who worked for a company that is now owned by defendant Warner admitted to me in 2002 that Megasong, based on his investigation of Megasong's sub-

publishing contract with Jive/Zomba, has failed to pay me a substantial part of the royalties due me.

6. Mr. Desmond promised to deliver the monies due me if I signed with WCM.

7. Relying on Mr. Desmond's promise, which I believed, I signed with WCM, through Artemis in 2002.

8. WCM, which was headquartered in Los Angeles, USA and continues to be headquartered there advanced me the sum of $ 1.2 million in 2002 and approved the terms of my contract with Artemis. Moreover, although the payer of the advance was AOL/Time Warner, Inc., which included defendant Warner as an entity, the payment was made on behalf of WCM, which defendant Warner came to own when it separated from AOL/Time Warner in 2002. See Exhibit 1.

9. Sometime in October, 2006, my manager, Mr. Lee Richerson, informed me that Mr. Nick Thomas, CFO of WCM, admitted to him that, while WCM acknowledged that it had failed to pay me substantial royalty monies, it will not release the monies to me unless I am prepared to file a Lawsuit against WCM.

10. Based on Mr. Richerson's communications with Mr. Nick Thomas, it dawned on me in 2006 that Mr. Desmond had deceived me in 2002; that he had not intended on executing his promise, and that he made the promise only to induce me into signing a contract with WCM.

11. Since 2002, even though I continue to write hits for defendant Warner through Artemis, defendant Warner has not paid me a dime; it continues to convert my royalty monies as I write.

Pursuant to 28 28 U.S.C Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Sweden on this 15th day of October, 2007.

Herbert St. Claire Crichlow _____

7.

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**
*Office of Consumer Affairs Division, Regulatory Investigations Section*
941 North Capitol Street, N.E., Suite 9400, Washington, D.C. 20002
Telephone Number: (202) 442-8676 / (202) 442-9448
Attention: Annette S. Tibbs, Regulatory Intake Specialist

## REGULATORY COMPLAINT INTAKE FORM
**(Supporting Documentation must accompany this form in order to file a complaint)**

**(PLEASE PRINT)**

Intake Date : 9-19-2007        RIS Case # : 2007I0929
Date Entered : 9-19-2007

COMPLAINANT'S NAME: CHERNOR M. JALLOH, Ph.D., Esqr.
COMPLAINANT'S ADDRESS: THE JALLOH LAW FIRM 1150 Connecticut Ave, NW, Ste. 900
Number                     Street                          Apt. No.

Washington     DC          20036-4197
City            State         Zip Code              Ward

COMPLAINANT'S TELEPHONE: Home: 202-384-9342   Work: 202-862-4337
Fax: 202-828-4130              Extension: _____

COMPLAINT  Warner Music Group, Corp. a Delaware
corporation and headquartered in New York City, NY
conducts business out of 1025 F Street, NW, Suite 900,
Washington, DC 2004. WARNER MUSIC GROUP CORP.
HAS NOT REGISTERED AS A FOREIGN CORPORATION
WITH DCRA AND MAINTAINS A REGISTERED AGENT (see
Sch. B) who is NOT REGISTERED with DCRA a clear violation of DC law.

(If you have a written complaint, you may attach it. If you need additional space, please include another sheet.)

RESPONDENT'S NAME: WARNER MUSIC GROUP CORP.

BUSINESS NAME (t/a, d/b/a): _____

RESPONDENT'S ADDRESS: 1025    F Street, NW        900
Number                Street                Suite No.

Washington. DC        2004
City              State            Zip Code           Ward

RESPONDENT'S TELEPHONE: Home: _____   Work: _____
Fax: _____              Extension: _____

VIOLATION ADDRESS: 1025   F Street, NW    900   Washington, DC,
Number          Street        Suite      City/State   2004

Completed By: CHERNOR M. JALLOH, PH.D., Esqr.    Date: 9/19/2007

( ) Mail-in  ( ) Telephone  (✓) Walk-in  ( ) Intake Specialist _____

RIS #1 : Revised: 08/2007