## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**HERBERT ST. CLAIRE CRICHLOW**
     **Plaintiff,**                      **Civil Action No.  07-01622 (HHK)**

**v.**


**WARNER MUSIC GROUP CORP.**
     **Defendant.**
_____


### PLAINTIFF CRICHLOW'S OPPOSITION TO DEFENDANT WARNER MUSIC GROUP CORP.'S MOTION TO DISMISS


     COMES NOW plaintiff, Herbert St. Claire Crichlow ("Chriclow"), by and through the undersigned, and respectfully moves this Honorable to deny defendant Warner Group Corp.'s ("defendant Warner") Motion to Dismiss under the grounds adduced and explicated in the Statement of Points and Authorities in Support of Crichlow's Opposition.


                                Respectfully submitted,

                                _____/s/_____
                                Prof. Dr. Chernor M. Jalloh, Esq.
                                DC Bar No. 450379
                                THE JALLOH LAW FIRM
                                1150 Connecticut Avenue, NW
                                Suite 900
                                Washington, DC  20036-4197
                                (202) 862-4337 (Telephone number)

                                Plaintiff's Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**HERBERT ST. CLAIRE CRICHLOW**
     **Plaintiff,**                        **Civil Action No.  07-01622 (HHK)**

**v.**


**WARNER MUSIC GROUP CORP.**
     **Defendant.**
_____


## STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF CRICHLOW'S OPPOSITION TO DEFENDANT WARNER'S MOTION TO DISMISS

Prof. Dr. Chernor M. Jalloh, Esq.
DC Bar No. 450379
THE JALLOH LAW FIRM
1150 Connecticut Avenue, NW
Suite 900
Washington, DC  20036-4197
(202) 862-4337 (Telephone number)

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES …………………………………………………..  4

TORTIOUS GROUNDS OF THIS ACTION……………………………………  5

ARGUMENT…………………………………………………………………… 7

    I.    This Honorable Court has Personal Jurisdiction over Defendant
        Warner…………………………………………………………..  7

    II.    This Action, which Sounds in the Torts of Conversion and Fraudulent
        Misrepresentation, has Nothing to with the Forum Selection Clause
        Contained in the Artemis Agreement…………………………………  9

    111.    The Doctrine of Forum non Conveniens is Clearly Inapplicable in this
        Action…………………………………………………………… 10

    CONCLUSION…………………………………………………….. 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### STATUTES

D.C. Code Section 13-334(a)                6, 7, 8, 10 and 11

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
CRICHLOW'S OPPOSITION TO DEFENDANT WARNER'S MOTION TO
DISMISS THE COMPLAINT**

In support of Crichlow's Opposition he submits,by and through his attorney, the
following grounds and their explication.

## <u>THE TORTIOUS BACKGROUND OF THIS RES</u>

Contrary to defendant Warner's contention, the granite foundation of this action is
defendant's tortuous conduct.  On its face, Crichlow's Complaint does aver nor imply an
action sounding in breach of contract or any of the tortuous derivatives of an action on
contract.

Defendant Warner, in a flawed attempt to evade Crichlow's tortuous claims, seeks
to bury the plain torts of conversion and fraudulent in a lambrythine web of contracts,
which the Court may recognize as the horizon of the averred tortuous conduct, but cannot
reasonably construe as founding the alleged torts.  Defendant Warner's admission that it
owns all the contracting companies implicated in this action----in particular
Warner/Chappell Music, Inc.(WCM), Defendant's Motion to Dismiss ("DMTD,"  at 4,
fn. 4) reasonably nullifies the Artemis forum selection clause since, first, as defendant
Warner admits, WCM approved the terms of the Artemis agreement, defendant's MTD,
at 5, fn.5; second, and significantly, the averred tort of conversion was admitted by Mr.
Nick Thomas, CFO of WCM, headquartered in Los Angeles, USA and owned by
defendant Warner.  Declaration of Lee C. Richerson, Jr., paragraph s 2 and 3; third, the
averred tort of fraudulent misrepresentation was discovered because of the alleged
admission of conversion in Los Angeles, USA.  Declaration of Herbert St. Claire
Crichlow, paragraphs 9 and 10.

Hence, the averred tortuous conduct of defendant Warner, mediated by WCM is not, and cannot reasonably have been contemplated by the forum selection clause of the Artemis Agreement and, accordingly, defendant Warner's forum non conveniens argument falls flat on its face.  Defendant Warner's intended killer argument is that it is not doing business in the District of Columbia under D.C. Code Section 13-334(a). However, that argument is perspicuously without merit, as the following considerations evidence.

## ARGUMENT

I.    **This Honorable Court has General Personal Jurisdiction over Defendant Warner.**

The tortuous conduct of conversion occurred in Los Angeles.  Richerson Decl.at paragraph  3.  Plaintiff Crichlow discovered that representations that Mr. Hans Desmond to him in 2002 were fraudulent because of the admission of conversion by Mr. Nick Thomas of WCM.  Crichlow Decl. at paragraphs 9 and 10.

D.C. Code Section 13-334(a) authorizes this Court to exercise general personal jurisdiction over defendant if Crichlow can show that defendant Warner does business in the District of Columbia.

Although defendant goes to great, but eventually fruitless, efforts to attempt to confuse this Honorable Court by arguing that its "sole operation" in the District of Columbia is "…to liaise with government officials…." DMTD, at  9,   this Court must take cognizance that defendant Warner has  either intentionally or negligently failed to offer the part of the story that it hopes will cut it loose from the grip of this Honorable Court.  Moreover, the Court is well aware the averment of the nature of defendant Warner's business in the District of Columbia is subject to discovery, given that the information withheld from this Court by Warner makes that averment suspicious.

Defendant intentionally fails to inform this Court that it sells musical products through its convoluted web of subsidiaries in the District of Columbia, comprising labels such as Asylum Records and East West Records.  The products of these labels and many others are regularly sold in the District of Columbia to further defendant Warner's

business objectives..  Accordingly, D.C Code Section 13-334(a) aptly applies catches defendant Warner in its web, a web that signifies to procedural justice.  Defendant Warner's scheme of hiding behind corporate shields to further its business objectives in the District of Columbia and elsewhere, as this Court can easily determine from DMTD, cannot deceive this Honorable Court.  Moreover, the voluminous products of defendant Warner, including the songs of the Backstreet Boys are offered by defendant for "downloading" in the District of Columbia and in non-virtual points of sale in the District of Columbia..

Accordingly, defendant Warner's good faith is evidently problematized;  it knows that its musical products are sold in the District of Columbia; yet it seeks to hide behind the so-called "governmental contacts" exception to evade the juridical authority of the citizens of the District of Columbia.  Given the fairly uncontroversial contention that defendant Warner's products are sold in the District of Columbia, this Court has general personal jurisdiction over the defendant.

Correlatively and significantly, the Court should not be surprised that none of the cases that defendant Warner relies on to escape the iron grip of D.C. Code Section 13-334(a) are clearly inapplicable.  This is not a case of an oil or mineral company lobbying governmental agencies to further its business interests located outside of the District of Columbia.  In brief, defendant Warner not only lobbies, if indeed it does, but sells its products in the District of Columbia.  Defendant avers the first clause of the previous sentence to this Court **ad nauseum**, but silently passes over the second clause of the previous sentence, which obviously dooms its entire argument.  In fact, there is a

reasonable ground to aver that defendant Warner is doing business in the District of

Columbia illegally.  See Plaintiff's Exhibit 1.

II.     **This Action, which Sounds in the Torts of Conversion and Fraudulent Misrepresentation has no Connection with the Forum Selection Clause contained in the Artemis Agreement.**

Defendant Warner, having fatally misconstrued Crichlow's Complaint, namely that the Complaint does not allege contractual breach by defendant Warner, proceeds to propound the misleading and irrelevant argument that the Artemis Agreement  mandates the adjudication of this action in the High Court of London, England.  Defendant Warner's argument is completely founded on the mischaracterization of Crichlow's Complaint, making it dismayingly fruitless.

The Court cannot but resist the snake-like obfuscatory contractual web posited by defendant Warne for the following reasons.  First, the tortuous conduct complained of is clearly not contractual under any reasonable construal; it arises **sui generis**.  Second, the mentioned conduct occurred in Los Angeles, USA  Lee Decl. paragraphs 2 and 3;  Crichlow's Decl. paragraphs 9 and 10.   Only a strained and flawed reading of the Artemis Agreement would conclude, as defendant erroneously, but understandably does, that the alleged torts of conversion and fraudulent misrepresentation fall within the jurisdictional and venue requirements of the Artemis Agreement.  Defendant Warner's argument is

flawed **ab initio** because the causes of action alleged in Crichlow's Complaint do not even fall within the shadow of an action sounding in contract, eviscerating, thereby defendant Warner's forum selection argument.

The averred occurrence of the torts in Los Angeles, USA makes defendant Warner's unqualified assertion that "…there is no meaningful connection between this dispute and the United States, let alone the District of Columbia…." (DMTD, at 6), is thus, given the premises asserted above, a **locus classicus** of legal obscurantism. The tortuous conduct averred squarely situates this **res** in the USA; and the averred fact that defendant Warner is doing business in the District of Columbia, albeit arguably illegally, nullifies **toto caelo** its choice of forum argument. The activities of defendant Warner, posited in I above, make it abundantly clear that it is covered by the general personal jurisdictional scope of D.C. Code Section 13-334(a).

### III.    The Doctrine of Forum Non Conveniens is Clearly Inapplicable in Inapplicable in this Action.

The arguments advanced by plaintiff Crichlow in I and II make defendant Warner's reliance on the doctrine of forum non conveniens a farce or an imprudent underestimation of the doctrinal sophistication of this seasoned court. Mr. Nick Thomas, the CFO of WCM, who allegedly admitted that defendant Warner has converted Crichlow's royalty monies is in Los Angeles, USA. Lee Decl. paragraph 3. Mr. Hans Desmond, who is no longer employed by defendant Warner, may or may not be in Sweden, and the Court

is evidently aware that Crichlow carries the burden of ensuring the presence of Mr. Desmond in this Court. The burden does not hang on defendant Warner's neck.

A founded understanding of the Complaint, an understanding that is not infected by the self-serving mischaracterization of plaintiff's action as a breach of contract action, cannot but establish the proposition that there is no alternative forum where this tortuous action can be properly adjudicated, for the only competent forum, under the arguments advanced, is in the District of Columbia. Under those same arguments defendant Warner can hardly claim that an adjudication of this action in this Court would be inconvenient. A fair, unbiased and balanced reading of Crichlow's Complaint manifests a glaring fact, which defendant Warner's contract argument ineptly obfuscates, namely that substantially all the witnesses and the evidence relevant to this action, properly construed as a tort action, are in the United States of America. Therefore, contrary to defendant Warner's contention, the High Court in London, England would be, given the totality of plaintiff Crichlow's submissions, a forum most inconvenient indeed..

Moreover, since defendant Warner, under I, is doing business in the District of Columbia, even if under the apparent shadow of illegality, D.C. Code Section 13-334(a) unambiguously authorizes this Honorable Court to adjudicate this action **a corps perdue**.

## CONCLUSION

11

Under the grounds adduced and explicated above, plaintiff Crichlow respectfully

moves this Honorable Court to deny defendant Warner's Motion to Dismiss.


Dated:  October 16, 2007                    Respectfully submitted,


                                            _____/s/_____
                                            Prof. Dr. Chernor M. Jalloh, Esq.
                                            DC Bar No. 450379
                                            THE JALLOH LAW FIRM
                                            1150 Connecticut Avenue, NW
                                            Suite 900
                                            Washington, DC  20036-4197
                                            (202) 862-4337 (Telephone number)

                                            Plaintiff's Attorney

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16 day of October, 2007, I electronically

served Plaintiff Crichlow's Opposition to defendant Warner's Motion to Dismiss, a

Statement of Points and Authorities, the Declaration of Lee C. Richerson, Jr., the

Declaration of Herbert St. Claire Crichlow and a Proposed Order to:


Steven B. Fabrizio, Esq.
JENNER & BLOCK, LLP
601 Thirteenth St., NW
Suite 1200 South
Washington, DC  20005


_____/s/_____
Prof. Dr. Chernor M. Jalloh

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

**HERBERT ST. CLAIRE CRICHLOW**
     **Plaintiff,**                    **Civil Action No.  07-01622 (HHK)**

**v.**


**WARNER MUSIC GROUP CORP.**
     **Defendant.**
_____



## O R D E R

UPON REASONED CONSIDERATION of defendant Warner Music Group

Corp.'s Motion to Dismiss, the Statement of Points and Authorities in Support of  the

same, and the Declarations in Support of the Motion  and plaintiff Crichlow's

Opposition, the Statement of Points and Authorities in Support of the same and

Declarations in Support of the Opposition, and any Reply thereto, it is hereby ordered on

this _____day of _____, 2007 that the Motion is **DENIED.**



                    _____
                    Judge

Copies to:

Prof. Dr. Chernor M. Jalloh, Esq.
THE JALLOH LAW FIRM
1150 Connecticut Avenue, NW
Suite 900
Washington, DC  20036-4197

**and**

Steven B. Fabrizio, Esq.
JENNER & BLOCK, LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC  20005

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
Civil Action No. 07-01622 (HHK)

v.

**WARNER MUSIC GROUP CORP.,**
**Defendant.**

## DECLARATION OF
## LEE C. RICHERSON Jr.

I, Lee C. Richerson Jr., hereby declare as follows:

1. I am the manager of Herbie St. Claire Crichlow. I submit this declaration in support of Herbert St. Claire's Opposition to Warner Music Group Corp.'s Motion to Dismiss. I have personal knowledge of the matters discussed in this declaration and, if called upon, I could and would testify to each of the statements made herein.

2. From 15th day of December, 2005 to 27th day of October, 2006. I had numerous telephonic and e-mail exchanges with Mr. Nick Thomas, CFO of WCM, U.S.A. which has its headquarters in Los Angeles, and is owned by WMG.

3. During those telephonic and e-mail exchanges he admitted to me that WMG "has" Herbert Crichlow's royalty monies and that if Mr. Crichlow wants his money, he should Take legal action against WCM. Located in L.A owned by WMG. Mr. Nick Thomas was the CFO during our telephonic and e-mails which began in late 2005 and ended when Mr. Thomas refused to pay out any royalties to Mr. Crichlow In our last telephone conversation in late October 2006 This was the final conversation Mr. Thomas ( CFO ) for WCM. Not one person in the WMG family has been able to tell my client Mr. Crichlow where all of his royalty monies have gone or how many songs have been sold over his songwriting career.

**See, Exhibit 1.**

3. Although Mr. Crichlow is signed to Artemis, Artemis is ultimately owned by WMG, through its ownership of WCM.

4. WCM approved the terms of the Artemis Agreement in Los Angeles, not in the London, England.

5. WMG owns all the companies that facilitated the conversion of Mr. Crichlow's royalties plus WMG approves all publishing advances to writers abroad and in the US when the advance is over six figures.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Washington State, the United States of America
on this 15th day of October, 2007.

Lee C. Richerson Jr.

**EXHIBIT 1**

**To Lee C. Richerson, Jr.'s  Declaration**

Dear Nick,

       Mr. Crichlow and I have consulted with our lawyer regarding all the issues that we have discussed over the last two weeks. We are now ready to put forth a proposal that can end all of the disagreements between my client and your Company.

1. Warner Chappell will be allowed to administrate my clients Mega copyrights as long as it can be direct accounting to My clients new publishing Co.and all monies within will be forwarded in a timely manor from now on according to the Mega publishing agreement.

2. Warner Chappell will release my client from his Artemis contract with all the copyrights reverted back to Mr. Crichlow plus no debt to Artemis as far as the advance is concerned ,it will be forgiven.as you promised.

3. As per our last conversation you had explained to me that you had located some of the monies that is owed to my client,We request that you release those monies in full plus the Zomba Audit as well in full to my client.after signing off on final contract of conclusion.plus my client will reserve the right to audit Mega as per contractual agreement.

If you and your company Warner Chappell agrees to all these request My client will be more than happy to move on and seek out a new publishing Admin deal elsewhere.As you can see no dollar amount has been requested in this deal. My client and Myself hope that you will be fair and accurate in the total amount that will be paid out to my client,knowing that you have had enough time to look over the numbers that I have provided to you on my clients behalf.

My client has informed his lawyer that this is the best solution for him so he can go back to work and continue to make the hits that we all know and love so much.feel free to call me if you have any questions regarding this new proposal.

Musically Yours, Mr. Lee C. Richerson Jr.

Management For Mr. Herbert Crichlow

Tel: + 1 425 374 2892

 PS. If this seems like something that you and your company would like to pursue,I will put you in contact with our lawyer and your legal consel can iron out the details.Thank you for all your help regarding this matter.

---

Discover the new Windows Vista Learn more!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:56:32 PM
**Subject:** FW: Herbie Crichlow Case Audit over due

## Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due
Date: Tue, 15 Nov 2005 22:33:05 -0500

Lee
The situation is more complex than you suggest and based on our call of the other night I think you know this
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Tuesday, November 15, 2005 6:17 PM
To: Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due

Dear Mr. Thomas,

Thanks for your reply, but that gun went off in 96 and no audit money has been paid to my client from Mega song publishing since then,so if waiting for and audit to be paid out since 1999 is jumping the gun, Guilty as charged !

Musically Yours, Mr. Lee C. Richerson 2

---

Get news, entertainment and everything you care about at Live.com. Check it out!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:55:45 PM
**Subject:** FW: Herbie Crichlow Case Audit over due

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: Herbie Crichlow Case Audit over due
Date: Wed, 16 Nov 2005 10:20:48 -0500

Lee
See inserts
I thought you and I were trying to resolve matters quietly and without some of the heat that has
been associated with prior conversations
Clearly I was wrong
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Wednesday, November 16, 2005 4:49 AM
To: Nick.Thomas@warnerchappell.com
Subject: RE: Herbie Crichlow Case Audit over due

      Dear Mr Thomas,

          Yes it is complex and I fully understand
that, But Im more interested in getting all the audit monies that Mega has
held from my client ASAP without delay seeing that is way over due .And as
so much time has already gone by that I feel that Mr. Crichlows publishers
do not see it as a priority.
When you are a writer and you have sold over 140 million copies over nine
years ago and you just want to get paid the money that you are owed
,complexities is not material to your bill collectors and Family.
To me this is real simple,Mr. Crichlow wants his Zomba audit money now and
we will audit for the rest of it! I hope that you can understand the
position that I must take, to make this happen as soon as possible without
further delay. can you tell me how it is going with the longest audit
settlement in music history. to be complete ?

Musically Yours, Mr Lee C. Richerson 2

      --Forwarded Message Attachment--
      From: herbiecrichlow1@mac.com
      To: Nick.Thomas@warnerchappell.com
      CC: richerson88@hotmail.com
      Subject: H.Crichlow
      Date: Wed, 16 Nov 2005 08:28:38 -0500

Dear Nick

Ok So I have received an email from My manager and he has explained to me that you have deemed my situation a complex matter. That is why I have been going through it with my lawyers for over 2 years after being led down the garden path for over 10 years . For us it is now simple, because we have taken the measure of things, We understand the true weight of the situation. And now I believe It is time to release the truth like water down a ravine .Victory is then a matter of arranging the balance to create preponderance.
It may be complex to you but it has become very very clear to me.

H.Crichlow

--Forwarded Message Attachment--
From: herbiecrichlow1@mac.com
To: Nick.Thomas@warnerchappell.com
Subject: H:crichlow
Date: Tue, 15 Nov 2005 23:34:14 -0500

Dear Nick

Although my Manager has informed me of your telephone meeting with him last week. I have little or no faith that anything can be resolved with warner chappell unless it is done via a full blown audit and litigation in the manner of a public law suit. Although I would like to believe that my situation is finally being recognized and addressed in the correct respect that a writer of my caliber deserves, After the appalling treatment I have already been subjected to I sincerely doubt it .
So With this in mind It is my hope, albeit a feeble one,that what is about to transpire can be avoided by what ever is being discussed between you and Lee. Sadly I have the feeling that it is just another tactic that will lead to the unfortunate outcome to which I am fully prepared to take on with pride .
Surprise me Nick.

H.Crichlow

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:54:43 PM
**Subject:** FW: Pay Herbie Crichlow Now

## Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; stevent@russells.co.uk; Nick.Thomas@warnerchappell.com
Subject: RE: Pay Herbie Crichlow Now
Date: Fri, 25 Nov 2005 06:14:13 -0800

Lee
And Happy Thanksgiving to you!
FYI I am in London and will call you next week
Regards
Nick
-----Original Message-----
From: lee richerson
To: stevent@russells.co.uk; nick.thomas@warnerchappell.com
Sent: 11/25/2005 5:28 AM
Subject: Pay Herbie Crichlow Now

    Attention: One and All

    PAY HERBERT ST.CLAIR CRICHLOW ALL HIS MONEY
NOW!!!!!!!!!! TIME IS UP.

THE MANAGEMENT

---

Get news, entertainment and everything you care about at Live.com. Check it out!

From: "Thomas, Nick" <Nick.Thomas@warnerchappell.com>
To: 'lee richerson' <richerson88@hotmail.com>
Subject: RE: Lee trying to reach you
Date: Mon, 16 Oct 2006 18:00:24 -0400

Lee

What deadline?

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Monday, October 16, 2006 2:00 PM
**To:** nick.thomas@warnerchappell.com
**Subject:** Lee trying to reach you

Hello Nick,
        I have tried to call you several times today regarding My clients fair proposal! where are you ? call me, as you know the deadline is tomorrow.

Musically Yours, Lee

Discover the new Windows Vista Learn more!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:49:55 PM
**Subject:** FW: nick call me

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: nick call me
Date: Mon, 16 Oct 2006 19:20:38 -0400

Lee

You have sent me a detailed schedule which I am researching

I am not going to respond until this is done and by the way and not going to respond to either threats or false deadlines

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Monday, October 16, 2006 4:11 PM
**To:** Nick.Thomas@warnerchappell.com
**Subject:** RE: nick call me

Dear Nick,
          If we cant get an agreement before the end of the day tomorrow at least a proposal that I can show to my client ,All bets are off,my client will not wait any longer to get this closed or at least on the table, what is your idea for a timeline to get this deal finished ?

Musically Yours, Lee

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com
Subject: RE: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warne r Chappell Musi
Date: Sat, 26 Nov 2005 15:49:40 -0500

Lee
This is just lawyers being lawyers.....
We need to work through this together to get it resolved
Regards
Nick
-----Original Message-----
From: lee richerson [mailto:richerson88@hotmail.com]
Sent: Friday, November 25, 2005 9:47 AM
To: nick.thomas@warnerchappell.com
Subject: FW: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner Chappell Musi


Dear Nick,
This is what I was telling you about Steven Treagor ,The main reason for my
cients anger,I sincerly hope that you can take care of this unprofessional
behavour. See attachment


>From: Mike Brookes <mikebrookes@Leeandthompson.com>
>To: "Herbie Crichlow (E-mail)" <Herbiecrichlow1@mac.com>
>CC: "Lee Richerson (E-mail)" <Richerson88@hotmail.com>, Andrew Thompson
><andrewthompson@Leeandthompson.com>
>Subject: Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner
>Chappell Music Limited
>Date: Fri, 25 Nov 2005 17:06:01 -0000
>
>MAB/kg/1656-2
>
>
>25 November 2005
>
>
>
>
>Dear Herbie
>
>Megasong Publishing A/S / Muziekuitgeverig Artemis BV / Warner Chappell
>Music Limited
>I attach a letter that I have sent to Steven Tregear, the contents of which

>are self-explanatory.
>It occurs to me that you or Lee may want to send this to Nick Thomas and
>explain that the assurances that he gave to you have apparently not
>filtered
>through because this is the sort of correspondence that your lawyers are
>having to send to Russells in light of their/Warner Chappells' failure to
>address matters properly or at all.
>Yours sincerely
>
>
>Mike Brookes
>
>direct tel:   +44 (0)20 7563 4970
>e-mail:      mikebrookes@leeandthompson.com
>
>att.
>
> <<063 LTR Steven Tregear 25.11.05.doc>>
>
>
>
>The information contained in this e-mail and any attachment to it is
>confidential, may be the subject of legal professional or other privilege
>and is intended solely for the use of the named addressee.  Access to this
>e-mail and any attachment by any other person is not authorised.  If you
>are not the named addressee, you must not disclose, copy, print,
>distribute, take any action or rely on it and should notify the sender by
>reply.  You should also destroy the e-mail and its attachments immediately
>without disclosing its contents to any third party or retaining any copies.
>
>The contents of any attachment to the e-mail may contain software viruses
>which could damage your own computer system.  Lee & Thompson cannot accept
>any liability for any damage which you sustain as a result of software
>viruses.  You should carry out your own virus checks before opening any
>attachment.
>
>E-mail service of proceedings
>
>Lee & Thompson does not accept service of proceedings by e-mail.
>
>
>
>This e-mail has been sent directly from Lee & Thompson's computer system
>and therefore has not been signed by the author.
>_____
>This e-mail has been scanned for all viruses by Star Internet. The
>service is powered by MessageLabs. For more information on a proactive
>anti-virus service working around the clock, around the globe, visit:
>http://www.star.net.uk
>_____

Dear Nick Thomas ( C.F.O )

      I'm sending you this e-mail in regards to our conversation on the 18th of October, 2006, which turned into the most belligerent and unprofessional treatment on your part, in which I was both alarmed, shocked, insulted and surprised, In view of this distasteful treatment. On my clients behalf could you please give me the name and address and contact information of your legal counsel so we can contact them regarding the future proceedings.

Regards, Mr. Lee C. Richerson Jr.
Management For Mr. H. Crichlow
Tel: +1 425 374 2892

---

Get news, entertainment and everything you care about at Live.com. Check it out!

**From:** lee richerson (richerson88@hotmail.com)
**To:** Dr C Lawyer
**Date:** Sunday, October 14, 2007 1:47:52 PM
**Subject:** FW: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S

Lee $

---

From: Nick.Thomas@warnerchappell.com
To: richerson88@hotmail.com; Nick.Thomas@warnerchappell.com;
Jane.Dyball@warnerchappell.com
CC: herbiecrichlow1@mac.com
Subject: RE: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S
Date: Tue, 24 Oct 2006 19:03:52 -0400

Actually Lee I was being polite

I am in Europe right now and picked up your e on my handheld at the airport

I wasn't quite sure which kind of counsel you wanted

Regards

Nick

---

**From:** lee richerson [mailto:richerson88@hotmail.com]
**Sent:** Tuesday, October 24, 2006 9:06 AM
**To:** Nick.Thomas@warnerchappell.com; jane.dyball@warnerchappell.com
**Cc:** herbiecrichlow1@mac.com
**Subject:** Re: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S

Dear Nick,
        You Think ? We need to know for sure so we can move on it now!


Regards Lee

From: "Thomas, Nick" <Nick.Thomas@warnerchappell.com>
To: "'richerson88@hotmail.com'" <richerson88@hotmail.com>,"Dyball, Jane" <Jane.Dyball@warnerchappell.com>
CC: "'ferrarikid@mac.com'" <ferrarikid@mac.com>
Subject: Re: H.Crichlow VS Warner Chappell / Artemis/Mega Songs Publishing A/S
Date: Tue, 24 Oct 2006 11:26:49 -0400

Lee
I think that would be Jane
Regards
Nick
Sent via ThumbMail

UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF COLUMBIA

**HERBERT ST. CLAIRE CRICHLOW**
**Plaintiff,**
Civil Action No. 07-01622 (HHK)

v.

**WARNER MUSIC GROUP CORP.**
**Defendant.**

<u>DECLARATION OF</u>
<u>HERBERT ST. CLAIRE CRICHLOW</u>

I, Herbert St Claire Crichlow, hereby declare as follows:

1.  I am a songwriter signed to Artemis, which is ultimately owned by defendant Warner Music Group, Corp ("defendant Warner"). I submit this declaration in support of my Opposition to defendant Warner's Motion to Dismiss in the above captioned action. I have personal knowledge of the matters discussed in this declaration and, if called upon, I could and would testify to each of the statements made herein.

2.  Among many other hits from a multitude of artists, I co-wrote most of the classic hits of the Backstreet Boys. In fact My songs played a very important part in launching the BSB record breaking 79 million copies and still counting.

3.  In 1993, I signed a co-publishing contract with Megasong Publishing A/S ("Megasong"). All the hits mentioned in paragraph 2 were published by Megasong, which signed a sub-publishing contract with Jive/ Zomba Publishing, U.S.A.

and that continued until 2002 when Warner/Chappell Music, Inc., headquartered in Los Angeles, USA ("WCM"), acquired 100% of the shares and assets of Megasongs Publishing and all its music catalog. As a result of the acquisition, I was signed to Artemis by WCM.

4.  Defendant Warner Music Group Corp. ultimately owns all the companies, excepting Jive Zomba Publishing,this entity was third party publisher to Mega Songs Pub. Collecting royalties for myself and Mega Songs Pub. mentioned in paragraph 3.

5.  Mr. Hans Desmond, who worked for a company that is now owned by defendant Warner admitted to me in 2002 that Megasong, based on his investigation of Megasong's sub-

publishing contract with Jive/Zomba, has failed to pay me a substantial part of the royalties due me.

6. Mr. Desmond promised to deliver the monies due me if I signed with WCM.

7. Relying on Mr. Desmond's promise, which I believed, I signed with WCM, through Artemis in 2002.

8. WCM, which was headquartered in Los Angeles, USA and continues to be headquartered there advanced me the sum of $ 1.2 million in 2002 and approved the terms of my contract with Artemis. Moreover, although the payer of the advance was AOL/Time Warner, Inc., which included defendant Warner as an entity, the payment was made on behalf of WCM, which defendant Warner came to own when it separated from AOL/Time Warner in 2002. See Exhibit 1.

9. Sometime in October, 2006, my manager, Mr. Lee Richerson, informed me that Mr. Nick Thomas, CFO of WCM, admitted to him that, while WCM acknowledged that it had failed to pay me substantial royalty monies, it will not release the monies to me unless I am prepared to file a Lawsuit against WCM.

10. Based on Mr. Richerson's communications with Mr. Nick Thomas, it dawned on me in 2006 that Mr. Desmond had deceived me in 2002; that he had not intended on executing his promise, and that he made the promise only to induce me into signing a contract with WCM.

11. Since 2002, even though I continue to write hits for defendant Warner through Artemis, defendant Warner has not paid me a dime; it continues to convert my royalty monies as I write.

Pursuant to 28 28 U.S.C Section 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Sweden on this 15th day of October, 2007.

Herbert St. Claire Crichlow   _____

7.

PLAINTIFF'S EXHIBIT

**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS**
*Office of Consumer Affairs Division, Regulatory Investigations Section*
941 North Capitol Street, N.E., Suite 9400, Washington, D.C. 20002
Telephone Number: (202) 442-8676 / (202) 442-9448
Attention: Annette S. Tibbs, Regulatory Intake Specialist

## REGULATORY COMPLAINT INTAKE FORM
**(Supporting Documentation must accompany this form in order to file a complaint)**

**(PLEASE PRINT)**

Intake Date: 9-19-2007          RIS Case #: 2007I0929
Date Entered: 9-19-2007

COMPLAINANT'S NAME: CHERNOR M. JALLOH, Ph.D., Esqr.
THE JALLOH LAW FIRM
COMPLAINANT'S ADDRESS: 1150 Connecticut Ave, NW, Ste. 900
                        **Number          Street                Apt. No.**

Washington      DC         20036-4197
**City          State          Zip Code          Ward**

COMPLAINANT'S TELEPHONE: Home: 202-384-9342  Work: 202-862-4337
Fax: 202-828-4130          Extension: ___

COMPLAINT Warner Music Group, Corp. a Delaware
corporation and headquartered in New York, NY,
conducts business out of 1025 F Street, NW, Suite 900,
Washington, DC 2004. WARNER MUSIC GROUP CORP.
HAS NOT REGISTERED AS A FOREIGN CORPORATION
WITH DCRA AND MAINTAING A REGISTERED AGENT (See
Sch. 1) WHO IS NOT REGISTERED WITH DCRA a clear violation of DC laws.
(If you have a written complaint, you may attach it. If you need additional space, please include another sheet).

RESPONDENT'S NAME: WARNER MUSIC GROUP CORP.

BUSINESS NAME (t/a, d/b/a): ___

RESPONDENT'S ADDRESS: 1025   F Street, NW      900
                       **Number        Street           Suite No.**

Washington. DC       2004
**City          State          Zip Code          Ward**

RESPONDENT'S TELEPHONE: Home: ___        Work: ___
Fax: ___          Extension: ___

VIOLATION ADDRESS: 1025  F Street NW    900  Washington, DC,
                   **Number    Street    Suite   City/State**  2004

Completed By: CHERNOR M. JALLOH, PH.D., Esq.   Date: 9/19/2007

( ) Mail-in ( ) Telephone ( ✗ ) Walk-in ( ) Intake Specialist ___

RIS #1 : Revised: 08/2007