UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ST. CLAIRE CRICHLOW,<br><br>Plaintiff,<br><br>v.<br><br>WARNER MUSIC GROUP CORP.,<br><br>Defendant. | Civil Action 07-01622  (HHK) |

MEMORANDUM OPINION

Herbert St. Claire Crichlow ("Crichlow") brings this action against Warner Music Group Corp. ("Warner") contending that he is owed royalties for songs that he wrote. Warner moves to dismiss Crichlow's action on several grounds [#4]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that Warner's motion must be granted because this court is unable to exercise personal jurisdiction over Warner.

I.  BACKGROUND

Crichlow, a songwriter and resident of Sweden, signed two music publishing agreements with subsidiaries of Warner. Crichlow and a company named Megasong Publishing A/S ("Megasong") entered into a music publishing agreement (the "Megasong Agreement"). Megasong was subsequently acquired by Warner/Chappell Music Denmark A/S, which is in turn owned by Warner/Chappell Music Scandinavia AB. Warner/Chappell Music Scandinavia AB is in turn owned by Warner Bros. Music International, Inc., which is owned by Warner/Chappell Music, Inc. Warner/Chappell Music, Inc. is owned by Warner via two non-operating holding companies. Thus, Warner is separated from Megasong by approximately seven corporate levels.

Acting on behalf of A Lemon Groove AB ("Lemon Groove"), Crichlow entered into another music publishing agreement ("Artemis Agreement") with Muziekuitgeverij Artemis BV. Muziezkuitgeverij Artemis BV is owned by Warner/Chappell Music Group (Netherlands) BV. Warner/Chappell Music Group (Netherlands) BV is approximately 81% owned by New Chappell, Inc.  New Chappell, Inc. is owned by Warner Bros. Music International, Inc., which is owned by Warner via two non-operating holding companies.  Accordingly, Warner is separated from Muziekuitgeverij Artemis BV by approximately six corporate levels.

Crichlow has brought suit against Warner, asserting that he is owed money pursuant to the Megasong and Artemis Agreements.  Warner neither participated in the negotiations nor is obligated to perform any actions under the agreements, however.  These two agreements were signed by Warner's subsidiaries Megasong and Muziekuitgeverij Artemis BV.

Warner is a publicly traded U.S. company, incorporated in Delaware and with its principal place of business in New York.  Although Crichlow has brought this action in the District of Columbia, Warner's sole contact with this forum consists of its Public Policy and Government Affairs office ("Public Policy Office"), which is located in the District of Columbia. Several of Warner's subsidiaries, such as Asylum Records and East West Records, sell musical products in the District of Columbia.  Warner itself does not sell these products.

## II.  ANALYSIS

Warner has moved pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss Crichlow's action for lack of personal jurisdiction.[1]  Crichlow rejoins that this court has general jurisdiction pursuant to

---

[1] Warner alternatively asserts that Crichlow's action must be dismissed because: (1) a forum selection clause in the Artemis Agreement requires Crichlow's action to be brought in London; and (2) the doctrine of *forum non conveniens* bars Crichlow's action in this court.

the District of Columbia long-arm statute because Warner is "doing business" in the District of Columbia. Warner is correct that this court lacks personal jurisdiction over Warner.

### A. Law of Personal Jurisdiction

The plaintiff bears the burden of making a *prima facie* showing that the court has personal jurisdiction over the defendant. *Naegele v. Albers,* 355 F. Supp. 2d 129, 136 (D.D.C. 2005) (*citing Second Amendment Found. v. U.S. Conference of Mayors,* 274 F.3d 521, 524 (D.C. Cir. 2001)). To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, he may rest his arguments on the pleadings, "bolstered by such affidavits and other written materials as [he] can otherwise obtain." *Mwani v. Bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005). In determining whether personal jurisdiction exists, the court should resolve factual disputes in the plaintiff's favor, *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004), although it need not accept a plaintiff's "conclusory statements." *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349 (D.C. Cir. 2000).

The jurisdictional reach of a federal court is the same as that of a state or local court of general jurisdiction in the forum where the federal court sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). Therefore, the jurisdictional reach of the court in this case is determined by the District of Columbia's long-arm statute, subject to a further demonstration that the court's exercise of jurisdiction would be consistent with

---

Because this court dismisses Crichlow's action for lack of personal jurisdiction, the court does not reach these two alternative arguments.

constitutional due process requirements. *See* U.S. Const. amends. V & XIV; *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Crane*, 814 F.2d at 762.

Pursuant to D.C. Code § 13-334(a), the court may exercise personal jurisdiction over a defendant who is "doing business" in the District of Columbia. On its face, this statutory provision appears to involve only service of process. Courts have construed it, however, to confer general jurisdiction under the long-arm statute. *See El-Fadl v. Cent. Bank of Jordan*, 75 F.3d 668, 673 n.7 (D.C. Cir. 1996) (noting that the D.C. Court of Appeals has so construed § 13-334(a)).

### B. This Court Does Not Have Personal Jurisdiction Over Warner

Crichlow contends that this court has jurisdiction pursuant to D.C. Code § 13-334(a). Crichlow asserts that Warner is "doing business" in this forum because its subsidiaries, Asylum Records and East West Records, sell music products in the District of Columbia. Warner rejoins that its subsidiaries' contacts with the forum state do not confer personal jurisdiction on Warner. Warner is correct.

It is well-settled that a subsidiary's contacts with a forum may not be attributed to the parent corporation unless the two "are not really separate entities," or one is the agent of the other. *El-Fadl,* 75 F.3d at 676 (internal quotations omitted). To determine whether the two corporations are not really separate entities, the court must determine whether the "parent corporation so dominated the [subsidiary] corporation as to negate its separate personality, making the exercise of jurisdiction over the absent parent fair and equitable." *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 48 (D.D.C. 2003) (internal quotations omitted); *see also*

*Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F. Supp. 2d 13, 19-20 (D.D.C. 1999) (same).

Crichlow's complaint does not set forth any allegations from which it may be inferred that Warner is not separate from Asylum Records and East West Records, that Warner dominated these subsidiaries, or that these subsidiaries were somehow Warner's agents. Accordingly, these subsidiaries' contacts with the District of Columbia are not attributable to Warner.[2]

**C. Jurisdictional Discovery is Not Warranted**

In his Opposition brief, Crichlow appears to request that this court permit him to take jurisdictional discovery. Pl.'s Opp'n 6 ("the Court is well aware that the averment of the nature of defendant Warner's business in the District of Columbia is subject to discovery"). Jurisdictional discovery is justified if a plaintiff "demonstrates that it can supplement its jurisdictional allegations through discovery." *GTE New Media Servs.*, 199 F.3d at 1351. "[I]t is not error to deny jurisdictional discovery when the record indicates there is nothing to be gained from the effort." *Fasolyak v. The Cradle Society, Inc.*, 2007 WL 2071644, *10 (D.D.C. July 19,

---

[2] In his complaint, Crichlow contends that Warner has an office in the District of Columbia and thus is subject to personal jurisdiction in this forum. Warner acknowledges that it has an office in this forum, its Public Policy Office, but asserts that this office falls within the "governmental contacts" exception to personal jurisdiction. This exception precludes personal jurisdiction if the only contact a non-resident has with the District of Columbia is to petition Congress or a federal agency. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983). Warner has submitted a declaration that its Public Policy Office performs "tasks related exclusively to lobbying and other government relations activities." Richardson Decl. ¶ 21. In his Opposition brief, Crichlow does not challenge Warner's assertion that the Public Policy Office falls within the "governmental contacts" exception. Crichlow instead contends that Warner is subject to personal jurisdiction due to its subsidiaries' sales of music in the District of Columbia. Because Warner's Public Policy Office apparently falls within the "governmental contacts" exception, and because Crichlow does not challenge Warner's assertion to this effect, the court finds that the existence of Warner's Public Policy Office in the District of Columbia does not confer personal jurisdiction over Warner.

2007). Crichlow has not explained what he thinks discovery might disclose or what information he may obtain through discovery. Because Crichlow has not demonstrated that jurisdictional discovery would lead to relevant evidence, the court declines to order such discovery.

### III.  CONCLUSION

For the foregoing reasons, Warner's motion to dismiss must be granted. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge

Dated: July 7, 2008